UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SCI DIRECT, LLC, | Civil Action No. |
| Plaintiffs, | |
| v. | Judge: |
| TV GOODS, INC., | |
| Defendant. | **COMPLAINT WITH JURY DEMAND** |

Plaintiff SCI Direct, LLC alleges the following causes of action against Defendant:

## I.  PARTIES

1.      Plaintiff SCI Direct, LLC ("SCI") is an Ohio corporation having a place of business at 7800 Whipple Avenue, N.W., North Canton, Ohio 44720.

2.      Defendant TV Goods, Inc. ("TV Goods") is a Florida corporation having a place of business at 14044 Icot Blvd., Clearwater, Florida 33760.

## II.  NATURE OF THE ACTION

3.      This is an action for preliminary and permanent injunctive relief and monetary damages arising out of Defendant's unauthorized use of trademarks confusingly similar to those owned by SCI. This action involves the Defendant's acts of trademark infringement and unfair competition based on the manner in which the Defendant has intentionally adopted a mark that is confusingly similar to SCI's trademarks for similar and/or identical goods so as to confuse the public as to the source of the goods. State and common-law claims under the Ohio Deceptive

Trade Practice Act and based on unjust enrichment are also alleged.

## III. JURISDICTION AND VENUE

4.      This action arises in part under the trademark laws of the United States of America, 15 U.S.C. § 1051 *et seq*. This Court has subject-matter jurisdiction over the claims herein based on those statutes pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the remaining related state and common law claims pursuant to 28 U.S.C. § 1367(a) because they are derived from a common nucleus of operative fact that form part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendant TV Goods and venue is proper in this judicial district because the Defendant has minimum contacts therewith based on doing business therein and because events giving rise to the causes of action alleged herein occurred and are occurring in this district. 28 U.S.C. § 1391(b)(2). Moreover, the Defendant has purposely availed itself of the privilege to conduct business in this State and judicial district by conducting and directing business activities therein, for example through interactive websites and through television commercials made available and directed to citizens and residents of this State and district, where infringements occur and confusingly similar products can be ordered.

## IV.   GENERAL ALLEGATIONS

### A.   SCI'S BUSINESS AND HEATER PRODUCTS

6.      For over 30 years, SCI has been in the business of marketing and selling consumer products. SCI advertises through a variety of media, such as print-media, internet advertising, direct-response advertising, television advertising, and radio.  SCI also engages distributors as independent contractors to distribute and sell SCI's products through a variety of means, including through approved Internet websites.

7.      One class of products that SCI sells, including through its distributor network, is electric space heaters. Since 2004, SCI has sold and continues to sell a number of different models of electric space heaters. These heaters have been and continue to be sold under the trademark EDENPURE.

8.      SCI owns the EDENPURE trademark in connection with electric space heaters, as evidenced by its U.S. Trademark Registration No. 3,506,699 for EDENPURE. SCI has continuously used the EDENPURE trademark in connection with heaters for more than seven years.

9.      In addition to electric space heaters, SCI also owns both statutory and common-law rights in the trademark EDENPURE in connection with a variety of other products based on continuous and exclusive use in this country.  Specifically, SCI owns the registered trademark EDENPURE in connection with vacuum cleaners (the '699 registration noted above).  SCI also owns the registered trademark EDEN PURE in connection with air and water purifiers and air and water filters, U.S. Trademark Registration No. 3,353,195.

3

10.     SCI's EDENPURE heaters include a rectangular or cube-shaped housing – either in a wood grain and/or black color with an output vent positioned in the upper quadrant of the front panel.  While SCI constantly works to improve its heater products, the overall look and feel of SCI's models have remained constant since the introduction of the first model embodying that design in 2004.

11.     SCI has spent substantial sums of money, manpower and other resources to publicize its EDENPURE trademarks, and to advertise its heater products under and in connection with this mark. SCI has sent hundreds of millions of direct-mail pieces to consumers across the country with brochures advertising and showing SCI's heaters in connection with its EDENPURE mark.

12.     SCI has also taken out newspapers ads, including full-page ads, displaying its heaters in newspapers across the country, at substantial expense.

13.     SCI has also pursued advertising campaigns in radio and television.  SCI's heaters were advertised on the popular Paul Harvey News radio program, as well as other advertising on radio stations across the country, all to promote and advertise its heater products in connection with its EDENPURE marks.  More recently, SCI has employed well-known home improvement television personality Bob Vila as a spokesperson for its EDENPURE heater products on infomercials, on his own television programs and on SCI's website.

14.     SCI also regularly runs one-half hour infomercials advertising its EDENPURE heaters on various television networks.

15.     All told, SCI has spent in excess of $100 million promoting and advertising its EDENPURE marks to the public, resulting in sales of more than one-million heater units and $500 million in gross sales.

16.     These activities have generated a substantial amount of goodwill in connection with heaters sold by SCI with respect to the EDENPURE trademark. SCI's promotion, advertising and use of the EDENPURE trademark in association with SCI's heaters serve to identify SCI's products, to distinguish them from those of others, and to identify SCI as their source. As a result, the EDENPURE trademark has become a valuable asset of SCI, and symbol of its goodwill to the general public.

**B.      TV GOODS, INC.**

17.     Upon information and belief, TV Goods began selling electric space heaters via a distributor arrangement with one of SCI's competitors and as a result became aware of SCI and of SCI's success with its EDENPURE heaters.

18.     Upon information and belief, the relationship between TV Goods and SCI's aforementioned competitor ended and TV Goods began selling its own version of electric space heaters.  TV Goods branded its electric space heaters with the confusingly similar mark LIVING PURE.

19.     Like the EDENPURE heaters, the LIVING PURE heaters are rectangular cube-shaped heaters with a rectangular output vent positioned in the upper quadrant of the front face. Also like the EDENPURE heaters, the LIVING PURE heaters are offered in a wood grain color and in a black color.

20.     Also like the EDENPURE heaters, advertisement and sales of the LIVING PURE heaters are made through at least television advertisements, such as infomercials, and through various websites, including livingpureheater.com, buylivingpure.com, and asseenontv.com.  TV Goods also hired well-known television personality Montel Williams to endorse its heaters.

21.    It is clear that the mission of TV Goods was to copy the look of SCI's heaters, brand it with a confusingly similar mark, and market the heater in a similar manner to confuse consumers into believing that the heaters were associated with SCI and to take unfair advantage of SCI's persistent and intense national marketing and advertising campaign as noted above.

## V. CAUSES OF ACTION

### COUNT I: TRADEMARK INFRINGEMENT

22.    SCI re-alleges the preceding paragraphs of this complaint.

23.    TV Goods does not have any license or right from SCI to use the SCI Trademarks for any purpose.

24.    TV Goods has, without consent of SCI, used in commerce a reproduction, counterfeit, copy and/or colorable imitation of Plaintiffs' registered EDENPURE trademark in connection with the marketing, manufacture, distribution, promotion and/or sales of products in a manner that is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. §§ 1114 and 1125(a).

25.    TV Goods infringement of SCI's registered EDENPURE mark has been willful, with the intent to unfairly trade on SCI's reputation and goodwill associated with its mark.

### COUNT II: FEDERAL UNFAIR COMPETITION

26.    SCI re-alleges the preceding paragraphs of this complaint.

27.    The above-described acts of TV Goods constitute federal unfair competition under 15 USC § 1125(a) at least in that TV Goods' marketing, manufacture, distribution, promotion and/or sale of identical goods in connection with trademarks that are confusingly

similar to the SCI's EDENPURE trademark has been and continues to be likely to cause confusion and misunderstanding as to the source, sponsorship, and approval of TV Goods' heater products.

28.     TV Goods' use of a confusingly similar trademark in connection with the distribution, marketing and/or sale of its competing heaters will likely induce (and likely has induced) consumers to believe that the same company sells both SCI's heaters and TV Goods' competing heaters. TV Goods' acts will also likely induce other consumers to purchase its heaters on the mistaken belief that they have actually purchased SCI's heaters.

29.     By improperly implying an affiliation or connection between TV Goods or their heaters and SCI, through the unauthorized use of the SCI EDENPURE trademark in connection with the distribution, marketing and/or sale of its competing heaters, TV Goods is likely to confuse, mislead or otherwise deceive consumers (and likely have caused such confusion and deception) into believing that TV Goods' heaters originate from or are licensed, sponsored, approved, affiliated with or authorized by SCI.

30.     TV Goods has no license from SCI to its EDENPURE trademark, and has deliberately and willfully infringed SCI's trademark.  In so doing, TV Goods has engaged in unfair business practices in an effort to take advantage of and trade upon the reputation and goodwill developed by SCI, all to the substantial detriment of the SCI.

31.     As a result of TV Goods' unlawful trademark infringement, SCI and the goodwill associated with the EDENPURE trademark have been and will continue to be irreparably damaged unless TV Goods' unlawful conduct is enjoined.

32.     TV Goods' acts alleged herein were willful, malicious and conducted in conscious disregard of SCI's rights.

**COUNT III: OHIO DECEPTIVE TRADE PRACTICES ACT**

33.     SCI re-alleges the preceding paragraphs of this complaint.

34.     TV Goods' unauthorized marketing, manufacturing, distributing, promoting and/or selling of heaters that are confusingly similar to or indistinguishable from SCI's heater products bearing a confusingly similar mark is likely to cause and has caused confusion or misunderstanding as to the source, sponsorship or approval of Defendants' heater products.

35.     TV Goods' above-described acts constitute deceptive trade practice in violation of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code §§ 4165.01, et seq.

36.     At the time of TV Goods' unauthorized marketing, manufacturing, distributing, promoting and/or selling of its heater products, TV Goods had notice of SCI's prior use and exclusive rights in its EDENPURE trademark.  Therefore, TV Goods' conduct has been deliberate, willful and knowingly deceptive.

37.     TV Goods' violation of the Ohio Deceptive Trade Practices Act has injured SCI in an amount yet to be determined.  SCI has no adequate remedy at law and is entitled to actual damages, injunctive relief and attorneys' fees pursuant to Ohio Rev. Code § 4165.03.

**COUNT IV: UNJUST ENRICHMENT**

38.     SCI re-alleges the preceding paragraphs of this complaint.

39.     TV Goods has been unjustly enriched to the detriment of SCI by gains, profits and advances obtained by infringing the EDENPURE trademark, improperly receiving the benefit of SCI's extensive advertising and promotional activities, and resulting goodwill, all without authorization from and in direct competition with SCI.

40.     These activities have unjustly enriched TV Goods in an amount to be proven at

trial.

## PRAYER FOR RELIEF

SCI requests the Court issue an Order granting following alternative and cumulative relief:

a)      Judgment that TV Goods has infringed SCI's EDENPURE trademark, and that that such infringement was willful and malicious, both at common law and in violation of 15 U.S.C. § 1125(a) and the Ohio Deceptive Trade Practices Act, Ohio Rev. Code §§ 4165.01, *et seq*.;

b)      Judgment that TV Goods has infringed the registered EDENPURE trademark, and that such infringement was willful and malicious, pursuant to 15 U.S.C. §§ 1114 and 1125(a);

c)      Judgment that TV Goods has engaged in unfair competition in violation of 15 U.S.C. § 1125(a), the Ohio Deceptive Trade Practices Act, Ohio Rev. Code §§ 4165.01, *et seq*, and at common law, through coordinated efforts to misappropriate to its own use and benefit SCI's registered EDENPURE mark by using a mark confusingly-similar thereto in connection with identical goods, to unfairly gain the benefit of the public's recognition of said trademark to divert to the Defendant customers looking for genuine EDENPURE heaters, and that such unfair competition was engaged-in willfully, with knowledge of SCI's proprietary rights and the intent to unfairly benefit therefrom;

d)      Judgment that as a result of TV Good's infringement of SCI's registered

trademark and related unfair competition, TV Goods has been unjustly enriched in an amount not yet known and to be proven at trial, but not less than its own profits derived from the sale of all heaters advertised, marketed or sold in connection or association with the LIVING PURE mark or any other mark confusingly-similar to EDENPURE;

e)    Preliminary and permanent injunctions against TV Goods:

   i)    Enjoining all use of the trademark LIVING PURE, EDENPURE, all colorable imitations thereof, and all marks confusingly similar thereto, as a service mark, trademark, trade name, domain name, other advertising or promotional device, or as a part thereof, alone or in combination with other words, symbols, styles, titles or marks (collectively the "Enjoined Marks"), including without limitation in website content, metatags, source code and Internet sponsored ads (purchased from search engines), in connection with the promotion, advertising or sale of any products or services with which SCI uses the EDENPURE trademark, including heaters and related products and accessories;

   ii)   Requiring the destruction of all printed material, stationery, business forms, signs, advertisements, brochures, promotional material, manuals, pamphlets, labels, packages, containers, and all other materials (other than heaters, which are discussed below) bearing any Enjoined Mark, as well as all tools, stamps and other machinery and equipment specially adapted for

reproducing same;

iii)    Requiring TV Goods to immediately identify by name, address and phone number (including of the Defendant's principal contact) the manufacturer or source (if not the Defendant itself) of all heaters bearing the LIVING PURE mark;

iv)    Within ten (10) days of the date of the Order, requiring TV Goods to recall all heaters bearing the LIVING PURE Mark (either on the heater, its packaging or enclosures), using a recall notice to be agreed-to by SCI and approved by the Court;

v)    Within sixty (60) days of the date of the Order, requiring each Defendant to deliver up to SCI for disposal or destruction all recalled heaters pursuant to subparagraph vi above; and

vi)    Within seventy-five (75) days of the date of the Order, requiring TV Goods to submit a written report to the Court detailing its full compliance therewith;

f)    An award to SCI of money damages from TV Goods equal to SCI's actual damages and TV Good's profits as a result of said TV Good's infringing activities, and to disgorge all unjust enrichment attributable to those activities;

g)    An award to SCI of enhanced damages up to three times the actual damages awarded from TV Goods, in an amount as the Court considers just under the

circumstances of the case pursuant to 15 U.S.C. § 1117(a)(3);

h)      Judgment that this case is exceptional, and an award to SCI of their costs and

reasonable attorneys' fees for bringing this action; and

i)      All other relief as the Court considers just.


## JURY TRIAL REQUESTED

Plaintiff Suarez Corporation Industries requests a jury trial of all issues raised by the Complaint

that are triable by jury.



RESPECTFULLY SUBMITTED this 2nd day of February, 2012.


/s/Una L. Lauricia/
Una L. Lauricia (OH Bar 0074759)
Steven J. Solomon (OH Bar 0076876)
PEARNE & GORDON LLP
1801 East 9th Street, Suite 1200
Cleveland, Ohio 44114
Telephone: (216) 579-1700
Facsimile: (216) 579-6073
*ulauricia@pearne.com*
*ssolomon@pearne.com*

Attorneys for Plaintiffs Suarez Corporation
Industries